1   Michael J. Lyons (SBN 202284)
2   michael.lyons@morganlewis.com
    Ahren C. Hsu-Hoffman (SBN 250469)
3   ahren.hsu-hoffman@morganlewis.com
    Ehsun Forghany (SBN 302984)
4   ehsun.forghany@morganlewis.com
    Marinna C. Radloff (SBN 324156)
5   marinna.radloff@morganlewis.com
6   **MORGAN, LEWIS & BOCKIUS LLP**
    1400 Page Mill Road
7   Palo Alto, CA 94304
    Telephone: 1.650.843.4000
8
    *Attorneys for Plaintiff Gavrieli Brands,*
9   *LLC*

10

11              UNITED STATES DISTRICT COURT

12          FOR THE CENTRAL DISTRICT OF CALIFORNIA

13

14  GAVRIELI BRANDS, LLC, a              Case No. 2:21-cv-00586
    California Limited Liability Company,
15                                       **COMPLAINT FOR PATENT
                   Plaintiff,            INFRINGEMENT, REGISTERED
16                                       TRADEMARK
                   v.                    INFRINGEMENT, FALSE
17                                       DESIGNATION OF ORIGIN,
    GUANGZHOU DEQIFU TRADING             COMMON LAW TRADEMARK
18  CO., LTD. d/b/a Aohaolee, a Chinese  INFRINGEMENT, UNFAIR
    company,                             COMPETITION UNDER CAL.
19                                       BUS. & PROF. CODE § 17200,
                   Defendant.           AND UNJUST ENRICHMENT**
20
21                                       **DEMAND FOR JURY TRIAL**
22
23
24
25
26
27
28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY                                    COMPLAINT

1

## **COMPLAINT AND JURY DEMAND**

2      Plaintiff Gavrieli Brands, LLC ("Gavrieli") for its complaint against

3 Defendant Guangzhou Deqifu Trading Co., Ltd. (d/b/a "Aohaolee"), hereby alleges

4 as follows:

5

## **NATURE OF THE ACTION**

6      1.      This is an action for patent infringement arising under the laws of the

7 United States, 35 U.S.C. § 101 *et seq.*, the Trademark Act of 1946, 15 U.S.C. §

8 1051, *et seq.* (the "Lanham Act"), and unfair trade practices arising under the laws

9 of the state of California, Cal. Bus. Prof. Code § 17200 *et seq*.

10      2.      Gavrieli is the owner of all right, title, and interest in United States

11 Design Patents Nos. D681,927, D676,634, D686,812, D688,853, D688,855, and

12 D689,271 (collectively, the "Patents-in-Suit," attached hereto as Exs. A-F).

13      3.      Gavrieli is the owner of all right, title, and interest in United States

14 Trademark Registration No. 4,375,006, which covers the word mark "THE

15 BALLET FLAT REINVENTED®" (the "Mark," attached hereto as Ex. G).

16      4.      Aohaolee has used and continues to use the claimed designs of the

17 Patents-in-Suit, and Gavrieli's federally registered Mark, without Gavrieli's

18 permission, online and in its "Aohaolee" ballet flats (the "Accused Products"),

19 which Aohaolee has made, used, offered for sale, and sold in, and/or imported into,

20 the United States.

21      5.      Gavrieli seeks, among other things, permanent injunctive relief to stop

22 Aohaolee from infringing the Patents-in-Suit; permanent injunctive relief to stop

23 Aohaolee from infringing its registered Mark; damages and/or disgorgement of

24 Aohaolee's profits from its infringing activities; pre-judgment and post-judgment

25 interest; costs and attorneys' fees; and all other relief the Court deems just and

26 proper.

27

28

1

## THE PARTIES

2      6.    Gavrieli is a California limited liability company with its principal

3  place of business at 5731 Buckingham Parkway, Culver City, California 90230.

4      7.    Aohaolee is a company from the People's Republic of China.  Upon

5  information and belief, its principal place of business, as listed on the Aohaolee

6  official website, is located at Room 401-403, YiJiaYuan Business Center,

7  PingZhou, NanHai Town, Foshan City, Guangdong, China.  An additional address

8  for Aohaolee is listed on its online AliExpress business certificate, which provides

9  the address, Room 627, No. 12 (Building A) Jingyou Road, Tianhe District,

10  Guangzhou, China.  Upon information and belief, Aohaolee may be served with

11  process, under the Hague Convention, at its address located in Foshan, China

12  and/or its address in Guangzhou, China.

13      8.    Aohaolee offers for sale and sells the Accused Products through the

14  Aohaolee official website (https://www.aohaolee.com/), and through its AliExpress

15  Web Store

16  (https://aohaolee2u.aliexpress.com/store/2784161?spm=a2g0o.store_home.pcShop

17  Head_11529713.0).

18

## JURISDICTION AND VENUE

19      9.    This action arises under the patent laws of the United States, 35 U.S.C.

20  § 1 *et seq.,* the Trademark Act of 1946, 15 U.S.C. § 1051, *et seq.* (the "Lanham

21  Act"), and under the statutory laws of California, Cal. Bus. Prof. Code § 17200 *et*

22  *seq*.

23      10.    This Court has original jurisdiction over the subject matter of this

24  action pursuant to 28 U.S.C. §§ 1331, 1338(a) and (b), 2201, 2202, 15 U.S.C. §

25  1121, and the patent laws of the United States, including 35 U.S.C. § 271 *et seq*.

26  This Court has supplemental jurisdiction over Gavrieli's unfair competition and

27  unjust enrichment claims under 28 U.S.C. § 1367 because they arise from the same

28  set of operative facts as the patent and registered trademark infringement claims

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

COMPLAINT

1    and thus form part of the same case or controversy.

2         11.    This Court has general and specific personal jurisdiction over

3    Aohaolee, consistent with the Constitution of this state and the United States and/or

4    the California Long Arm Statute, Cal. Code Civ. Proc § 410.10, on information and

5    belief, due at least to its substantial business conducted in this District, including:

6    (i) having solicited business in the State of California and/or this District, transacted

7    business within the State of California and/or this District and attempted to derive

8    financial benefit from residents of the State of California and in this District,

9    including benefits directly related to the instant patent and trademark infringement

10   causes of action set forth herein; (ii) having placed its products and services into the

11   stream of commerce throughout the United States and having been actively engaged

12   in transacting business in California and in this District; and (iii) having committed

13   the complained of tortious acts in California and in this District.

14        12.    Aohaolee, upon information and belief, directly and/or through

15   subsidiaries and agents (including distributors, retailers, wholesalers,

16   manufacturers, and others), makes, imports, ships, distributes, offers for sale, sells,

17   uses, and advertises (including offering products and services through its website as

18   well as other online retailers) its products and/or services in the United States, the

19   State of California and the Central District of California.

20        13.    Aohaolee, upon information and belief, directly and/or through its

21   subsidiaries, agents, alter egos, agents and/or intermediaries (including distributors,

22   retailers, and others), has purposefully and voluntarily placed one or more of its

23   infringing products and/or services, as described below, into the stream of

24   commerce with the expectation that they will be purchased and used by consumers

25   in the Central District of California.  These infringing products and/or services have

26   been purchased and used by consumers in the Central District of California.

27   Aohaolee has committed acts of patent infringement and trademark infringement

28   within the State of California and, more particularly, within the Central District of

California.

14.    This Court's exercise of personal jurisdiction over Aohaolee is consistent with the California Long Arm Statute, Cal. Code Civ. Proc. § 410.10, and traditional notions of fair play and substantial justice.

15.    Venue is proper as to Aohaolee, which is organized under the law of the People's Republic of China, under 28 U.S.C. § 1391(c)(3) that provides, "a defendant not resident in the United States may be sued in any judicial district, and the joinder of such a defendant shall be disregarded in determining where the action may be brought with respect to other defendants."

## FACTUAL ALLEGATIONS

16.    Gavrieli is well known around the world for its Tieks® by Gavrieli line of footwear ("Tieks®").  Through Gavrieli's significant investment in research, design, development, and marketing, Tieks® has come to possess a distinctive design, instantly recognizable by its many unique features, including, but not limited to, a colored outsole that peeks out from under the upper portion while the flats are being worn—known as the "Peekaboo" outsole.  These design features are essential to the Tieks® brand identity and are recognized in the marketplace as a designator of the Tieks® brand.  An example Tieks® shoe is shown below:



17.    Tieks® are available in over fifty (50) styles and patterns, and retail for $175 to $345 per pair.  Sold out styles and patterns of Tieks® are often resold by consumers on secondary markets, such as Poshmark and eBay, for well-above

the retail price.

18.    Tieks® has received extensive and favorable media coverage on its innovative and stunning design.  In the August 2011 issue of Oprah Winfrey's O Magazine, Tieks® was selected to be on the "O List," and was again featured by Oprah in Spring 2012, as an item on her list of "Mother's Day Gifts She Really Wants."  Oprah's endorsement of Tieks® was so well known that E! News published an article titled "Obsessions: Oprah's Ultra-Comfy Ballet Flats."  In 2012, INC Magazine featured Tieks® on its "30 Under 30" list, praising the founders for having "created a powerful brand as well as their own category of footwear."  Similarly, in 2013, Forbes listed Tieks® on its list of the "25 Most Innovative Consumer and Retail Brands" that "honor[s] . . . companies that are starting to change the way we live our lives."  In 2013, Entrepreneur Magazine wrote that Tieks® had "develop[ed] a cult status."

19.    The Tieks® brand has a strong and devoted fan base, including one of the largest social media followings in the fashion world, with over 1.5 million followers on Facebook.  Fans of the Tieks® brand have even created Facebook Fan Groups devoted to buying, selling, and trading second-hand pairs of Tieks® ballet flats.

20.    Tieks® has been advertised and featured extensively throughout the United States, including through Gavrieli's own social media and advertising, as well as dozens of feature stories in national publications and broadcast, such as Forbes, INC, Essence, Travel + Leisure, O Magazine, and the Today Show, as well as hundreds of blogs.  The vast majority of the articles, broadcasts, and blog posts about Tieks® focus on the novel Peekaboo outsole design.

21.    Gavrieli has made significant investments, both in time and resources, in developing Tieks® designs and securing the intellectual property rights that protect it, including the patents asserted in this Complaint.

**Gavrieli's Design Patents**

22.    On May 14, 2013, the United States Patent & Trademark Office ("USPTO") issued U.S. Design Patent No. D681,927, titled "Split-Sole Shoe" ("the '927 patent").  A true and correct copy of the '927 patent is attached hereto as Exhibit A.

23.    On February 26, 2013, the USPTO issued U.S. Design Patent No. D676,634, titled "Split-Sole Shoe" ("the '634 patent").  A true and correct copy of the '634 patent is attached hereto as Exhibit B.

24.    On July 30, 2013, the USPTO issued U.S. Design Patent No. D686,812, titled "Sole Assembly for a Split-Sole Shoe" ("the '812 patent").  A true and correct copy of the '812 patent is attached hereto as Exhibit C.

25.    On September 3, 2013, the USPTO issued U.S. Design Patent No. D688,853, titled "Split-Sole Shoe with Blue Stripe and Soles" ("the '853 patent").  A true and correct copy of the '853 patent is attached hereto as Exhibit D.

26.    On September 3, 2013, the USPTO issued U.S. Design Patent No. D688,855, titled "Split-Sole Shoe with Blue Soles" ("the '855 patent").  A true and correct copy of the '855 patent is attached hereto as Exhibit E.

27.    On September 10, 2013, the USPTO issued U.S. Design Patent No. D689,271, titled "Split-Sole Shoe with Blue Stripe" ("the '271 patent").  A true and correct copy of the '271 patent is attached hereto as Exhibit F.

28.    Gavrieli is the owner of all right, title, and interest in the '927, '634, '812, '853, '855, and '271 patents ("Asserted Design Patents") with the full and exclusive right to bring suit to enforce the patents, including the right to recover for past infringement.

**Gavrieli's Federally Registered Trademark**

29.    Gavrieli owns a number of federally registered incontestable U.S. trademarks, protecting its brand.  One of these, includes THE BALLET FLAT REINVENTED® trademark, referring to the ingenuity of the "re-invented" ballet

flat for which Gavrieli has garnered acclaim in the fashion industry and among consumers.

30.    THE BALLET FLAT REINVENTED® trademark is a word mark and has U.S. Registration No. 4,375,006.  Exhibit G; *see also* Exhibit H (the Mark's TESS search results as of 12/30/2020).

31.    Gavrieli has been using THE BALLET FLAT REINVENTED® trademark in interstate commerce since at least as early as 2011.

32.    As a result of its exclusive and longstanding use, "THE BALLET FLAT REINVENTED®" mark has become widely known and recognized throughout the United States (and elsewhere), as closely identified with Gavrieli, representing the substantial, and valuable goodwill of the Gavrieli company and the Tieks® brand.

### Aohaolee's Infringing Activities

33.    As shown below, the Accused Products and the Defendant's website mimic several designs protected by Gavrieli's intellectual property, including its valuable patent and trademark rights.

34.    Rather than create their own distinctive product design, Aohaolee chose to embark on a campaign to systematically copy Gavrieli's distinctive footwear in order to improperly exploit the goodwill Gavrieli has spent years building in the marketplace.  Even a cursory comparison of Tieks® with the Accused Products reveals the extent of this misappropriation of Gavrieli intellectual property.  *See* Exhibit N-1.



35.    As stated previously, Aohaolee offers for sale the Accused Products through its official website and its AliExpress store with the name "Aohaolee 2 U." A pair of the Accused Products from the Aohaolee 2 U AliExpress store was purchased on November 24, 2020, for delivery within this district to Inglewood, CA.  Below is a screenshot of the order invoice reflecting the purchase of the Accused Products, also attached as Ex. I.



36.    On December 10, 2020, the above-referenced pair of the Accused Products were received in Inglewood, CA.

37. To further promote their infringement and compound customer confusion, Aohaolee has also copied many of the design elements from the Tieks® website. The promotional pictures of the Accused Products on the Aohaolee website's landing page prominently feature the "Peekaboo" sole of the Accused Products, which is a signature of Tieks® marketing. *See* Exs. J-K. The Aohaolee website prominently displays Gavrieli's trademarked slogan, THE BALLET FLAT REINVENTED®, uses *identical* widget features, uses *identical* mailing list buttons, and uses the *identical* blue color scheme from the Tieks® website, as depicted in the screenshots below. *See id.* (red boxes added to highlight corresponding features).



MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20



38.    Since Aohaolee began selling the Accused Products, Gavrieli has been contacted directly by concerned Tieks® customers about the Accused Products and Aohaolee's blatant copying of Tieks® designs.

39.    For example, one Tieks® customer contacted Gavrieli's customer service directly with the message: "Brand is Aohaolee and these seem to be a Tieks knockoff[.]" *See* Ex. L.

40.    Another Tieks® customer observed that Aohaolee was using the name Tieks® in its Frequently Asked Questions ("FAQ") posting:

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

COMPLAINT

"Comment: I am reporting a counterfeit website and ebay listing.

I saw a pair of ballet flats listed on ebay. It didn't state the name in the title or in the sellers description. However, under item specifics it states the brand: Aohaolee

https://www.ebay.com/itm/Womens-Italian-Leather-Foldable-Ballet-Flat-Round-Toe-Comfy-Matte-Wine-Red8/123674588448?hash=item1ccb947520:g:XmUAAOSw5wJcVGdz

https://www.aohaolee.com/faqs/

Please take a moment to check out their FAQ. It clearly states your trade name several times.

'Tieks run pretty true to size, so if you're a full size, that's also your Tieks size! For more info on sizing, check out our Size Chart.'

'Tieks don't have built-in arch support, but they are designed with a unique shape and padding for comfort and durability. If you prefer additional support, Tieks can accommodate many types of orthotic inserts.'"

*See* Ex. M.

41.    The Accused Products, including the styles "Wine Red," "Sweet Orange," "Queen Gold," "Peacock Blue," "Nude," "Noble Silver," "Navy Blue," "Mint Blue," "Lemon Yellow," "Lavender Purple," "Coffee Brown," "Classic Grey," "Classic Black," "Bright Red," "Bright Fuchsia," and "Adobe Brown," that are sold or offered for sale by Aohaolee on the Aohaolee website and AliExpress Web Store, unlawfully incorporate designs claimed by the Asserted Design Patents including, but not limited to, the Peekaboo outsole design, and infringe the Asserted Design Patents.

42.    Upon information and belief, Aohaolee, without Gavrieli's Authorization, has made, used, offered for sale, sold, and/or imported the Accused Products into or in the United States, and continues to make, use, offer for sale, sell, and/or import the Accused Products into or in the United States.

43.    Upon information and belief, Aohaolee, without Gavrieli's Authorization, promotes the Accused Products on its website, with a banner placed on its landing page using Gavrieli's federally registered THE BALLET FLAT REINVENTED® trademark.  The Mark is presented by Aohaolee on its website, in a format identical to the placement, font, and color of that used by Gavrieli on its own website.

## FIRST CLAIM FOR RELIEF

### (Infringement of the '927 Patent – 35 U.S.C. § 271)

44.    Paragraphs 1 through 43 are incorporated by reference as if fully stated herein.

45.    Gavrieli owns all rights, title, and interest in the '927 patent.

46.    Aohaolee, without authorization from Gavrieli, has made, used, offered for sale, sold, and/or imported into or in the United States, and continues to make, use, offer for sale, sell, and/or import into or in the United States, the Accused Products having designs substantially similar to the '927 patent, including, but not limited to, the "Wine Red," "Sweet Orange," "Queen Gold," "Peacock Blue," "Nude," "Noble Silver," "Navy Blue," "Mint Blue," "Lemon Yellow," "Lavender Purple," "Coffee Brown," "Classic Grey," "Classic Black," "Bright Red," "Bright Fuchsia," and "Adobe Brown" Aohaolee ballet flats.  Further discovery may reveal additional infringing products and/or models.

47.    The excerpt from Table 1, reproduced below, compares an exemplary figure from the '927 patent with a photograph of an exemplary Accused Product taken from a corresponding view.  A complete version of Table 1 comparing all figures from the '927 patent to corresponding views of the Accused Products is attached as Exhibit N-2.  The Accused Product pictured has been advertised, marketed, promoted, and made available for purchase to all Aohaolee site visitors. The Accused Product pictured is also available for sale currently on the Aohaolee official website.



| TABLE 1 | |
| --- | --- |
| The '927 Patent | Exemplary Accused Product |

48.     By the foregoing acts, Aohaolee has infringed, literally and/or under the doctrine of equivalents, and continues to infringe, the '927 patent in violation of the 35 U.S.C. § 271.

49.     Upon information and belief, Aohaolee's infringement of the '927 patent is, has been, and continues to be undertaken knowingly, willfully, deliberately, maliciously, and in bad faith, entitling Gavrieli to enhanced damages under 35 U.S.C. § 284 and to attorneys' fees and expenses incurred in prosecuting this action under 35 U.S.C. § 285.

50.     Upon information and belief, Aohaolee has gained profits by virtue of its infringement of the '927 patent.

51.     Upon information and belief, Aohaolee has obtained further investment by virtue of its infringement of the '927 patent.

52.     As a direct and proximate result of Aohaolee's infringement of the '435 patent, Gavrieli has been and continues to be damaged in an amount yet to be determined.

53.     Gavrieli will suffer and is suffering irreparable harm from Aohaolee's infringement of the '927 patent.  Gavrieli has no adequate remedy at law and is entitled to an injunction against Aohaolee's infringement of the '927 patent.  Unless enjoined by this Court, Aohaolee will continue its infringing conduct, thereby causing Gavrieli to further sustain irreparable damage, loss, and injury, for which

Gavrieli has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

### (Infringement of the '634 Patent – 35 U.S.C. § 271)

54.      Paragraphs 1 through 53 are incorporated by reference as if fully stated herein.

55.      Gavrieli owns all rights, title, and interest in the '634 patent.

56.      Aohaolee, without authorization from Gavrieli, has made, used, offered for sale, sold, and/or imported into or in the United States, and continues to make, use, offer for sale, sell, and/or import into or in the United States, the Accused Products having designs substantially similar to the '634 patent, including, but not limited to, the "Wine Red," "Sweet Orange," "Queen Gold," "Peacock Blue," "Nude," "Noble Silver," "Navy Blue," "Mint Blue," "Lemon Yellow," "Lavender Purple," "Coffee Brown," "Classic Grey," "Classic Black," "Bright Red," "Bright Fuchsia," and "Adobe Brown" Aohaolee ballet flats.  Further discovery may reveal additional infringing products and/or models.

57.      The excerpt from Table 2, reproduced below, compares an exemplary figure from the '634 patent with a photograph of an exemplary Accused Product taken from a corresponding view.  A complete version of Table 2 comparing all figures from the '634 patent to corresponding views of the Accused Products is attached as Exhibit N-3.  The Accused Product pictured has been advertised, marketed, promoted, and made available for purchase to all Aohaolee site visitors. The Accused Product pictured is also available for sale currently on the Aohaolee official website.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

COMPLAINT



58. By the foregoing acts, Aohaolee has infringed, literally and/or under the doctrine of equivalents, and continues to infringe, the '634 patent in violation of the 35 U.S.C. § 271.

59. Upon information and belief, Aohaolee's infringement of the '634 patent is, has been, and continues to be undertaken knowingly, willfully, deliberately, maliciously, and in bad faith, entitling Gavrieli to enhanced damages under 35 U.S.C. § 284 and to attorneys' fees and expenses incurred in prosecuting this action under 35 U.S.C. § 285.

60. Upon information and belief, Aohaolee has gained profits by virtue of its infringement of the '634 patent.

61. Upon information and belief, Aohaolee has obtained further investment by virtue of its infringement of the '634 patent.

62. As a direct and proximate result of Aohaolee's infringement of the '634 patent, Gavrieli has been and continues to be damaged in an amount yet to be determined.

63. Gavrieli will suffer and is suffering irreparable harm from Aohaolee's infringement of the '634 patent. Gavrieli has no adequate remedy at law and is entitled to an injunction against Aohaolee's infringement of the '634 patent. Unless enjoined by this Court, Aohaolee will continue its infringing conduct, thereby causing Gavrieli to further sustain irreparable damage, loss, and injury, for which

1    Gavrieli has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF

## (Infringement of the '812 Patent – 35 U.S.C. § 271)

64.    Paragraphs 1 through 63 are incorporated by reference as if fully stated herein.

65.    Gavrieli owns all rights, title, and interest in the '812 patent.

66.    Aohaolee, without authorization from Gavrieli, has made, used, offered for sale, sold, and/or imported into or in the United States, and continues to make, use, offer for sale, sell, and/or import into or in the United States, the Accused Products having designs substantially similar to the '812 patent, including, but not limited to, the "Wine Red," "Sweet Orange," "Queen Gold," "Peacock Blue," "Nude," "Noble Silver," "Navy Blue," "Mint Blue," "Lemon Yellow," "Lavender Purple," "Coffee Brown," "Classic Grey," "Classic Black," "Bright Red," "Bright Fuchsia," and "Adobe Brown" Aohaolee ballet flats.  Further discovery may reveal additional infringing products and/or models.

67.    The excerpt from Table 3, reproduced below, compares an exemplary figure from the '812 patent with a photograph of an exemplary Accused Product taken from a corresponding view.  A complete version of Table 3 comparing all figures from the '812 patent to corresponding views of the Accused Products is attached as Exhibit N-4.  The Accused Product pictured has been advertised, marketed, promoted, and made available for purchase to all Aohaolee site visitors. The Accused Product pictured is also available for sale currently on the Aohaolee official website.

| TABLE 3 | |
| --- | --- |
| **The '812 Patent** | **Exemplary Accused Product** |



68.     By the foregoing acts, Aohaolee has infringed, literally and/or under the doctrine of equivalents, and continues to infringe, the '812 patent in violation of the 35 U.S.C. § 271.

69.     Upon information and belief, Aohaolee's infringement of the '812 patent is, has been, and continues to be undertaken knowingly, willfully, deliberately, maliciously, and in bad faith, entitling Gavrieli to enhanced damages under 35 U.S.C. § 284 and to attorneys' fees and expenses incurred in prosecuting this action under 35 U.S.C. § 285.

70.     Upon information and belief, Aohaolee has gained profits by virtue of its infringement of the '812 patent.

71.     Upon information and belief, Aohaolee has obtained further investment by virtue of its infringement of the '812 patent.

72.     As a direct and proximate result of Aohaolee's infringement of the '812 patent, Gavrieli has been and continues to be damaged in an amount yet to be determined.

73.     Gavrieli will suffer and is suffering irreparable harm from Aohaolee's infringement of the '812 patent. Gavrieli has no adequate remedy at law and is entitled to an injunction against Aohaolee's infringement of the '812 patent.  Unless enjoined by this Court, Aohaolee will continue its infringing conduct, thereby causing Gavrieli to further sustain irreparable damage, loss, and injury, for which

1  Gavrieli has no adequate remedy at law.

2  ## FOURTH CLAIM FOR RELIEF

3  ## (Infringement of the '853 Patent – 35 U.S.C. § 271)

4  74.    Paragraphs 1 through 73 are incorporated by reference as if fully stated

5  herein.

6  75.    Gavrieli owns all rights, title, and interest in the '853 patent.

7  76.    Aohaolee, without authorization from Gavrieli, has made, used,

8  offered for sale, sold, and/or imported into or in the United States, and continues to

9  make, use, offer for sale, sell, and/or import into or in the United States, the

10  Accused Products having designs substantially similar to the '853 patent, including,

11  but not limited to, the "Wine Red," "Sweet Orange," "Queen Gold," "Peacock

12  Blue," "Nude," "Noble Silver," "Navy Blue," "Mint Blue," "Lemon Yellow,"

13  "Lavender Purple," "Coffee Brown," "Classic Grey," "Classic Black," "Bright

14  Red," "Bright Fuchsia," and "Adobe Brown" Aohaolee ballet flats.  Further

15  discovery may reveal additional infringing products and/or models.

16  77.    The excerpt from Table 4, reproduced below, compares an exemplary

17  figure from the '853 patent with a photograph of an exemplary Accused Product

18  taken from a corresponding view.  A complete version of Table 4 comparing all

19  figures from the '853 patent to corresponding views of the Accused Products is

20  attached as Exhibit N-5.  The Accused Product pictured has been advertised,

21  marketed, promoted, and made available for purchase to all Aohaolee site visitors.

22  The Accused Product pictured is also available for sale currently on the Aohaolee

23  official website.

24

25

26

27

28

| TABLE 4 | |
| --- | --- |
| **The '853 Patent** | **Exemplary Accused Product** |



78.    By the foregoing acts, Aohaolee has infringed, literally and/or under the doctrine of equivalents, and continues to infringe, the '853 patent in violation of the 35 U.S.C. § 271.

79.    Upon information and belief, Aohaolee's infringement of the '853 patent is, has been, and continues to be undertaken knowingly, willfully, deliberately, maliciously, and in bad faith, entitling Gavrieli to enhanced damages under 35 U.S.C. § 284 and to attorneys' fees and expenses incurred in prosecuting this action under 35 U.S.C. § 285.

80.    Upon information and belief, Aohaolee has gained profits by virtue of its infringement of the '853 patent.

81.    Upon information and belief, Aohaolee has obtained further investment by virtue of its infringement of the '853 patent.

82.    As a direct and proximate result of Aohaolee's infringement of the '853 patent, Gavrieli has been and continues to be damaged in an amount yet to be determined.

83.    Gavrieli will suffer and is suffering irreparable harm from Aohaolee's infringement of the '853 patent.  Gavrieli has no adequate remedy at law and is entitled to an injunction against Aohaolee's infringement of the '853 patent.  Unless enjoined by this Court, Aohaolee will continue its infringing conduct, thereby causing Gavrieli to further sustain irreparable damage, loss, and injury, for which

1    Gavrieli has no adequate remedy at law.

2    ## FIFTH CLAIM FOR RELIEF

3    ## (Infringement of the '855 Patent – 35 U.S.C. § 271)

4    84.    Paragraphs 1 through 83 are incorporated by reference as if fully stated

5    herein.

6    85.    Gavrieli owns all rights, title, and interest in the '855 patent.

7    86.    Aohaolee, without authorization from Gavrieli, has made, used,

8    offered for sale, sold, and/or imported into or in the United States, and continues to

9    make, use, offer for sale, sell, and/or import into or in the United States, the

10   Accused Products having designs substantially similar to the '855 patent, including,

11   but not limited to, the "Wine Red," "Sweet Orange," "Queen Gold," "Peacock

12   Blue," "Nude," "Noble Silver," "Navy Blue," "Mint Blue," "Lemon Yellow,"

13   "Lavender Purple," "Coffee Brown," "Classic Grey," "Classic Black," "Bright

14   Red," "Bright Fuchsia," and "Adobe Brown" Aohaolee ballet flats.  Further

15   discovery may reveal additional infringing products and/or models.

16   87.    The excerpt from Table 5, reproduced below, compares an exemplary

17   figure from the '855 patent with a photograph of an exemplary Accused Product

18   taken from a corresponding view.  A complete version of Table 5 comparing all

19   figures from the '855 patent to corresponding views of the Accused Products is

20   attached as Exhibit N-6.  The Accused Product pictured has been advertised,

21   marketed, promoted, and made available for purchase to all Aohaolee site visitors.

22   The Accused Product pictured is also available for sale currently on the Aohaolee

23   official website.

| TABLE 5 | |
| :---: | :---: |
| **The '855 Patent** | **Exemplary Accused Product** |



88.     By the foregoing acts, Aohaolee has infringed, literally and/or under the doctrine of equivalents, and continues to infringe, the '855 patent in violation of the 35 U.S.C. § 271.

89.     Upon information and belief, Aohaolee's infringement of the '855 patent is, has been, and continues to be undertaken knowingly, willfully, deliberately, maliciously, and in bad faith, entitling Gavrieli to enhanced damages under 35 U.S.C. § 284 and to attorneys' fees and expenses incurred in prosecuting this action under 35 U.S.C. § 285.

90.     Upon information and belief, Aohaolee has gained profits by virtue of its infringement of the '855 patent.

91.     Upon information and belief, Aohaolee has obtained further investment by virtue of its infringement of the '855 patent.

92.     As a direct and proximate result of Aohaolee's infringement of the '855 patent, Gavrieli has been and continues to be damaged in an amount yet to be determined.

93.     Gavrieli will suffer and is suffering irreparable harm from Aohaolee's infringement of the '855 patent.  Gavrieli has no adequate remedy at law and is entitled to an injunction against Aohaolee's infringement of the '855 patent.  Unless enjoined by this Court, Aohaolee will continue its infringing conduct, thereby causing Gavrieli to further sustain irreparable damage, loss, and injury, for which

1   Gavrieli has no adequate remedy at law.

2                           **SIXTH CLAIM FOR RELIEF**

3              **(Infringement of the '271 Patent – 35 U.S.C. § 271)**

4        94.    Paragraphs 1 through 93 are incorporated by reference as if fully stated

5   herein.

6        95.    Gavrieli owns all rights, title, and interest in the '271 patent.

7        96.    Aohaolee, without authorization from Gavrieli, has made, used,

8   offered for sale, sold, and/or imported into or in the United States, and continues to

9   make, use, offer for sale, sell, and/or import into or in the United States, the

10  Accused Products having designs substantially similar to the '271 patent, including,

11  but not limited to, the "Wine Red," "Sweet Orange," "Queen Gold," "Peacock

12  Blue," "Nude," "Noble Silver," "Navy Blue," "Mint Blue," "Lemon Yellow,"

13  "Lavender Purple," "Coffee Brown," "Classic Grey," "Classic Black," "Bright

14  Red," "Bright Fuchsia," and "Adobe Brown" Aohaolee ballet flats.  Further

15  discovery may reveal additional infringing products and/or models.

16       97.    The excerpt from Table 6, reproduced below, compares an exemplary

17  figure from the '271 patent with a photograph of an exemplary Accused Product

18  taken from a corresponding view.  A complete version of Table 6 comparing all

19  figures from the '271 patent to corresponding views of the Accused Products is

20  attached as Exhibit N-7.  The Accused Product pictured has been advertised,

21  marketed, promoted, and made available for purchase to all Aohaolee site visitors.

22  The Accused Product pictured is also available for sale currently on the Aohaolee

23  official website.

24

25

26

27

28

| TABLE 6 | |
|---|---|
| **The '271 Patent** | **Exemplary Accused Product** |



98.    By the foregoing acts, Aohaolee has infringed, literally and/or under the doctrine of equivalents, and continues to infringe, the '271 patent in violation of the 35 U.S.C. § 271.

99.    Upon information and belief, Aohaolee's infringement of the '271 patent is, has been, and continues to be undertaken knowingly, willfully, deliberately, maliciously, and in bad faith, entitling Gavrieli to enhanced damages under 35 U.S.C. § 284 and to attorneys' fees and expenses incurred in prosecuting this action under 35 U.S.C. § 285.

100.    Upon information and belief, Aohaolee has gained profits by virtue of its infringement of the '271 patent.

101.    Upon information and belief, Aohaolee has obtained further investment by virtue of its infringement of the '271 patent.

102.    As a direct and proximate result of Aohaolee's infringement of the '271 patent, Gavrieli has been and continues to be damaged in an amount yet to be determined.

103.    Gavrieli will suffer and is suffering irreparable harm from Aohaolee's infringement of the '271 patent.  Gavrieli has no adequate remedy at law and is entitled to an injunction against Aohaolee's infringement of the '271 patent.  Unless enjoined by this Court, Aohaolee will continue its infringing conduct, thereby causing Gavrieli to further sustain irreparable damage, loss, and injury, for which

Gavrieli has no adequate remedy at law.

## SEVENTH CLAIM FOR RELIEF
### (Infringement of Registered Trademark Under Section 32 of the Lanham Act, 15 U.S.C. § 1114)

104.   Paragraphs 1 through 103 are incorporated by reference as if fully stated herein.

105.   Gavrieli owns the federal trademark registration bearing Registration No. 4,375,006.  *See* Exs. G-H.

106.   In the sale, offering for sale, distribution, and advertising of the Accused Products, Aohaolee uses in commerce, specifically on its website, Gavrieli's trademark: THE BALLET FLAT REINVENTED®.

107.   Upon information and belief, Aohaolees's sale, offering for sale, distribution, and advertising of the Accused Products in conjunction with Gavrieli's Mark, is likely to continue to cause, has caused, and is intended to cause confusion and mistake among, or to deceive, consumers and the trade.

108.   Aohaolee's marketing and sale of the Accused Products using the Mark on its website, constitutes infringement of THE BALLET FLAT REINVENTED® mark registered by Registration No. 4,375,006, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

109.   Aohaolee's acts of trademark infringement have caused and, unless restrained, will continue to cause great and irreparable injury to Gavrieli and to the substantial consumer goodwill that Gavrieli has engendered in an amount that cannot be ascertained at this time, leaving Gavrieli with no adequate remedy at law.

110.   Accordingly, Gavrieli is entitled to injunctive relief against Aohaolee, restraining it from any further infringement of the Mark, and, after trial, recovery of any damages proven to have been caused by reason of Aohaolee's infringement of the Mark.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EIGHTH CLAIM FOR RELIEF**
**(Trademark Infringement and False Designation of Origin Under**
**Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a))**

111.    Paragraphs 1 through 110 are incorporated by reference as if fully
stated herein.

112.    Aohaolee's actions, including, but not limited to, its unauthorized use
of THE BALLET FLAT REINVENTED® trademark in commerce, and in
connection with the Accused Products, constitutes a false designation of origin,
false and misleading representations of fact, and false and misleading descriptions
of fact, which have caused and are likely to cause confusion, mistake, and
deception in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

113.    Aohaolee's promotion, distribution, sale, and offering for sale of the
Accused Products on its website, where the Mark is prominently featured, is
intended to cause, has caused, and is likely to cause, confusion, mistake, or to
deceive as to the affiliation, connection, or association of Aohaolee and the
Accused Products with Gavrieli, or as to the origin, sponsorship, approval of
Aohaolee's goods, services, or commercial activities.

114.    Aohaolee's deceptive promotion, distribution, sale, and offering for
sale of the Accused Products in conjunction with the Mark, constitutes a false
designation of origin and false and misleading descriptions and representations of
fact in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

115.    Accordingly, Gavrieli is entitled to injunctive relief against Aohaolee,
restraining it from any further infringement of the Mark and, after trial, recovery of
any damages proven to have been caused by reason of Aohaolee's infringement of
the Mark.

### NINTH CLAIM FOR RELIEF
### (Common Law Trademark Infringement)

116.   Paragraphs 1 through 115 are incorporated by reference as if fully stated herein.

117.   In the sale, offering for sale, distribution, and advertising of the Accused Products, Aohaolee uses THE BALLET FLAT REINVENTED® trademark without Gavrieli's authorization.

118.   Aohaolee's actions, including but not limited to its unauthorized use of the Mark in commerce in connection with the Accused Products, constitutes trademark infringement which has caused, and is likely to cause, confusion, mistake, and deception in violation of Gavrieli's common law rights to the Mark.

119.   Aohaolee's promotion, distribution, sale, and offering for sale of the Accused Products in conjunction with its use of the Mark, is intended to cause, has caused, and is likely to cause confusion, or mistake, or to deceive as to the affiliation, connection, or association of Aohaolee and the Accused Products with Gavrieli, or as to the origin, sponsorship, approval of Aohaolee's goods, services, or commercial activities by Gavrieli.

120.   Aohaolee's acts, as described above, constitute common law trademark infringement.

121.   Accordingly, Gavrieli is entitled to injunctive relief against Aohaolee, restraining it from any further infringement of the Mark and, after trial, recovery of any damages proven to have been caused by reason of Aohaolee's infringement of the Mark.

### TENTH CLAIM FOR RELIEF

### (Unfair Competition – California Business and Professions Code § 17200, *et seq.*)

122.   Paragraphs 1 through 121 are incorporated by reference as if fully stated herein.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

COMPLAINT

123.   California's Unfair Competition Law ("UCL") defines "unfair business competition" to include "any unlawful, unfair, or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading advertising." Cal. Bus. Prof. Code § 17200.

124.   The violation of any law constitutes an "unlawful" business practice under the UCL.

125.   By the conduct alleged above, Aohaolee has intentionally and willfully engaged in unlawful, unfair, and/or fraudulent methods of competition and unfair or deceptive acts or practices in violation of California Business & Professional Code § 17200 and the common law.

126.   Aohaolee's actions, including but not limited to its unauthorized use of THE BALLET FLAT REINVENTED® trademark in commerce, in connection with the marketing and sale of the Accused Products, constitute an unlawful, unfair, or fraudulent business act or practice and unfair, deceptive, untrue, or misleading advertising.

127.   Aohaolee's actions are likely to cause confusion, misrepresentation, and/or to cause mistake or to deceive the public as to the affiliation, approval, sponsorship or connection between Aohaolee and Gavrieli, and constitute unfair competition at common law and under California Business & Professions Code § 17200.

128.   Upon information and belief, unless restrained by this Court, Aohaolee will continue to infringe Gavrieli's Mark and trade unfairly in connection therewith, such that money damages will not afford Gavrieli adequate relief for the injury to Gavrieli's goodwill sustained by such actions.

129.   As a consequence of the foregoing, Gavrieli has suffered and will continue to suffer irreparable harm and loss.

1    **ELEVENTH CLAIM FOR RELIEF**

2    **(Unjust Enrichment)**

3    130.   Paragraphs 1 through 129 are incorporated by reference as if fully

4    stated herein.

5    131.   As a result of the conduct alleged herein, Aohaolee has been unjustly

6    enriched to Gavrieli's detriment.  Gavrieli therefore seeks an accounting and

7    disgorgement of all ill-gotten gains and profits resulting from Aohaolee's

8    inequitable activities.

9    **REQUEST FOR RELIEF**

10    WHEREFORE, Gavrieli prays for judgment against Aohaolee as follows:

11    A.    A judgment and order adjudicating and declaring that Aohaolee has

12    infringed each of the Patents-in-Suit;

13    B.    A judgment and order adjudicating and declaring that Aohaolee has

14    infringed Gavrieli's federally registered THE BALLET FLAT REINVENTED®

15    trademark;

16    C.    A judgment and order permanently enjoining Aohaolee, its officers,

17    agents, servants, employees, attorneys and all persons in active concert or

18    participation with Aohaolee from further infringement of the Patents-in-Suit and

19    registered Mark, and from unfair competition;

20    D.    A judgment and order that Aohaolee must account and pay actual

21    damages, including a disgorgement of Aohaolee's profits and/or any lost profits or

22    other harm to Gavrieli (but no less than a reasonable royalty), to Gavrieli for

23    Aohaolee's infringement of the Patents-in-Suit;

24    E.    A judgment and order awarding Gavrieli the total profits realized by

25    Aohaolee from its infringement of the Patents-in-Suit pursuant to 35 U.S.C. § 289;

26    F.    A judgment and order declaring that Aohaolee has willfully infringed

27    the Patents-in-Suit;

28    G.    A judgment and order awarding Gavrieli damages adequate to

compensate for Aohaolee's infringement together with enhanced damages up to three times any amount ordered pursuant to 35 U.S.C. § 284;

H.     A determination that this is an exceptional case under 35 U.S.C. § 285;

I.     A judgment and order awarding Gavrieli its reasonable attorneys' fees;

J.     A judgment and order awarding Gavrieli its costs, expenses, and interest, including pre-judgment and post-judgment interest, as provided for by 35 U.S.C. § 284;

K.     A judgment and order awarding trademark infringement and unfair competition damages, including Defendant's unjust enrichment and profits, with such damages trebled for willful infringement;

L.     A judgement and order awarding punitive or exemplary damages where appropriate;

M.     A judgment and order awarding Gavrieli both pre-judgment and post-judgment interest on each and every monetary award; and

N.     Granting Gavrieli such other and further relief as the Court deems just and appropriate, or that Gavrieli may be entitled to as a matter of law or equity.

## **DEMAND FOR JURY TRIAL**

In accordance with Federal Rule of Civil Procedure 38 and Local Rule 38.1, Gavrieli respectfully demands a jury trial of all issues triable to a jury in this action.

1   Dated:  January 21, 2021              Respectfully submitted,

2
                                          **MORGAN, LEWIS & BOCKIUS LLP**
3

4
                                          By /s/ Michael J. Lyons
5                                             Michael J. Lyons (SBN 202284)
                                              Ahren C. Hsu-Hoffman (SBN 250469)
6                                             Ehsun Forghany (SBN 302984)
                                              Marinna C. Radloff (SBN 324156)
7                                             **MORGAN, LEWIS & BOCKIUS LLP**
                                              1400 Page Mill Road
8                                             Palo Alto, CA 94304
                                              Telephone: 1.650.843.4000
9                                             michael.lyons@morganlewis.com
                                              ahren.hsu-hoffman@morganlewis.com
10                                            ehsun.forghany@morganlewis.com
                                              marinna.radloff@morganlewis.com
11
                                              *Attorneys for Plaintiff Gavrieli Brands,*
12                                            *LLC*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SILICON VALLEY

COMPLAINT